OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion (Matter of Di Martino [Buffalo Courier Express Co. — Ross], 59 NY2d 638; Matter of Villa Maria Inst. of Music [Ross], 54 NY2d 691; Matter of Eastern Suffolk School of Music [Roberts], 91 AD2d 1123).
Petitioner suggests, nevertheless, that the touchstone of employment is control over results produced and means employed, citing Matter of 12 Cornelia St. (Ross) (56 NY2d 895), and that the record is devoid of evidence of control over results or means. The cases upon which it relies, however, involved services of a nature which permitted control over the details of the work and the results produced. Here we are concerned with the services of ophthalmologists, optometrists and a medical photographer, whose professional services do not lend themselves to such control. The board’s determination is, nonetheless, supported by substantial evidence of control over important aspects of the services performed other than results or means: the patients treated are those of petitioner; although the professionals work but part time at petitioner’s premises, the hours worked are for the most part regularly scheduled rather than occasional or sporadic; appointments are made by petitioner’s receptionist; with but occasional reduction made by the professional, the fees charged are fixed by *737 petitioner; the services are rendered at petitioner’s premises and with the use of petitioner’s equipment and facilities; billings and collections are taken care of by petitioner; patients’ records are kept and insurance and Medicare forms are prepared by petitioner’s staff. Those factors provide a sufficient evidentiary basis for the board’s determination that the ophthalmologists, optometrists and medical photographer whose services are in question are employees rather than independent contractors (Matter of Villa Maria Inst. of Music [Ross], supra; Matter of Eastern Suffolk School of Music [Roberts], supra; Matter of Parsons Sanitarium [Corsi], 271 App Div 859; cf. Matter of Sullivan Co. [Miller], 289 NY 110).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.