■ In the Matter of the Claim of MARY C. VINIOTIS, Respondent. TOWN OF ISLIP, Appellant; COMMISSIONER OF LABOR, Respondent. [721 NYS2d 685] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 5, 1999, which, *inter alia*, ruled that the Town of Islip was liable for additional unemployment insurance contributions based upon remuneration paid to claimant and those similarly situated.

Claimant responded to an advertisement and, following an interview process and criminal background check, was hired as a part-time housekeeper as part of the Town of Islip's expanded in-home services for elderly residents to assist with their shopping, cleaning and laundry. Upon finding that claimant was an employee of the Town, the Unemployment Insurance Appeal Board ruled that the Town was liable for remuneration paid to claimant and those similarly situated. The Town challenges the determination claiming that it did not direct or control claimant's work, particularly since claimant signed a contract indicating that she was an independent contractor and any supervision was required by the terms of the grant money received for the program.

The record establishes that claimant signed a contract as an independent contractor with an hourly rate and mileage reimbursement rate determined by the Town. Claimant received payment upon her submission of requisition forms supplied by the Town. It was the Town which provided claimant with her client assignment, a schedule and chores to be done for the client. Any changes or additions to the chores listed required Town approval. Every three months the Housekeeping Supervisor for the Town provided claimant with written performance evaluations assessing claimant's quality of work, attendance, organization, cooperation and dependability. Furthermore, claimant was issued an identification card indicating that she was a Town employee and claimant took mandatory vacation as directed by the Town. While the record contains evidence to support a contrary conclusion, we must uphold the Board's finding of an employer-employee relationship under the circumstances presented herein (*see, Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736; *Matter of Swinton [New York Therapy Assocs.—Commissioner of Labor]*, 257 AD2d 822, 823).

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.