■ In the Matter of the Claim of GREGORY S. RICHINS, Respondent. QUICK CHANGE ARTISTRY, LLC, Appellant; COMMISSIONER OF LABOR, Respondent. [968 NYS2d 680]—

Stein, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed November 30, 2011, which ruled, among other things, that Quick Change Artistry, LLC was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Quick Change Artistry, LLC is in the business of booking backstage support staff—i.e., dressers, pressers, pinners and tailors—for designers and producers of fashion shows. Claimant was engaged by Quick Change to render services as a pinner for one week in November 2008 and one day in December 2008. When claimant filed a claim for unemployment insurance benefits with regard to separate employment, his work in conjunction with Quick Change came to light. The Department of Labor subsequently issued an initial determination finding claimant eligible to receive benefits and Quick Change liable for contributions based upon remuneration paid to claimant and others similarly situated. After an objection by Quick Change, an Administrative Law Judge ruled that claimant was an employee for the purpose of unemployment insurance. Upon review, the Unemployment Insurance Appeal Board affirmed these decisions.[1] Quick Change now appeals.

We reverse. The determination as to whether an employment relationship exists "turns upon the control exercised by the employer over the results produced or the means used to obtain those results, with control over the latter being the more important factor to consider" (*Matter of Holleran [Jez Enters., Inc.—Commissioner of Labor]*, 98 AD3d 757, 758 [2012]; *see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 437 [2010]; *Matter of Best [Lusignan—Commissioner of Labor]*, 95 AD3d 1536, 1537 [2012]; *Matter of Interlandi [Cremosa Foods Co., LLC—Commissioner of Labor]*, 70 AD3d 1150, 1150 [2010]; *Matter of Omnipop, Inc. [Commissioner of Labor]*, 68 AD3d 1575, 1576 [2009]).[2] While such a determination will be upheld if supported by substantial evidence (*see Matter of Leazard [TestQuest, Inc.—*

1. For reasons unexplained, the Department of Labor generated two case numbers for the instant matter, which resulted in a combined hearing and the rendering of identical decisions in each case by both the Administrative Law Judge and the Unemployment Insurance Appeal Board.

2. We agree with Quick Change that claimant was not a "professional" to whom the alternate "overall control" test would apply (*Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d at 437-438). In any event, the application of that test to the facts here would not lead to a different result.

*Commissioner of Labor]*, 74 AD3d 1414, 1414 [2010]), "incidental control over the results produced, alone, will not constitute substantial evidence that an employment relationship exists" (*Matter of Best [Lusignan—Commissioner of Labor]*, 95 AD3d at 1537).

Here, Quick Change did not screen claimant but, rather, retained his services based upon his reputation in the industry. Claimant was free to accept or reject an assignment from Quick Change, was not prohibited from working for others, did not sign a written contract and received no fringe benefits. Although Quick Change arranged for claimant to begin working at a specific time and place designated by the client, the work schedule thereafter was dictated solely by the client, and a representative from Quick Change was never present at the job site. Quick Change did not train claimant or instruct him in any aspect of how to perform his work, and claimant was not required to report to Quick Change in any manner. Claimant furnished his own supplies and received no reimbursement from Quick Change. Once the work was completed, claimant submitted invoices to Quick Change for payment. Quick Change set the rate of pay; however, it was based upon the established market for such services. Moreover, while the owner of Quick Change hypothesized that she would likely pay claimant in the event that the client did not pay, this was based upon a sense of personal obligation rather than a contractual commitment. Notwithstanding the Board's recitation of certain factors which would indicate that Quick Change exercised some level of incidental control over ancillary matters related to claimant's services, the record as a whole lacks substantial evidence of the requisite level of control over claimant's work so as to establish the existence of an employer-employee relationship (*see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d at 438; *Matter of Holleran [Jez Enters., Inc.—Commissioner of Labor]*, 98 AD3d at 758-759; *Matter of Rodriguez [2020 Video Voice Data, Ltd.—Commissioner of Labor]*, 58 AD3d 929, 930 [2009]). Accordingly, the Board's decisions must be reversed.

Peters, P.J., Rose and Garry, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.