■ In the Matter of the Claim of Thomas L. Crahan, Respondent. Progress Rail Services Corporation, Appellant; Commissioner of Labor, Respondent. [983 NYS2d 703]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 2012, which ruled, among other things, that Progress Rail Services Corporation is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

It is well settled that the existence of an employment relationship is a factual issue for the Unemployment Insurance Appeal Board to resolve and its determination will not be disturbed

if supported by substantial evidence (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Lamar [Eden Tech., Inc.—Commissioner of Labor]*, 109 AD3d 1038, 1039 [2013]). When the work of professionals is involved, the relevant inquiry is whether the purported employer exercised " 'overall control' . . . 'over important aspects of the services performed other than results or means' " (*Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 437-438 [2010], quoting *Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d at 736; *see Matter of Jaeger [Vendor Control Serv., Inc.—Commissioner of Labor]*, 106 AD3d 1360, 1360 [2013]).

Here, Progress Rail Services Corporation, an Illinois manufacturer of locomotive and related components for the rail industry, retained claimant pursuant to the terms of a one-year written consultant agreement to draft locomotive wiring schematics utilizing specific computer software that claimant owned. Claimant was designated an independent contractor under the consulting agreement and was required to maintain confidentiality and secure his own insurance, and he performed his work from home in New York communicating periodically with representatives from Progress Rail by telephone and email. He made his own work schedule, which averaged about 10 to 12 hours per week. As negotiated, he was paid an hourly rate of $26 and received checks without any deductions or withholdings. Progress Rail did not provide him with a place to work, supplies, equipment or reimburse him for expenses. Claimant had no contact with any of Progress Rail's clients.

Under the circumstances presented, we do not find that Progress Rail retained sufficient overall control of claimant's work to be considered his employer (*see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d at 438; *Matter of Rosen [Vidicom, Inc.—Commissioner of Labor]*, 73 AD3d 1352, 1353 [2010], *lv denied* 15 NY3d 706 [2010]; *Matter of International Student Exch. [Commissioner of Labor]*, 302 AD2d 834, 835-836 [2003]). Any control retained by Progress Rail was, at the most, incidental. The fact that claimant had to periodically check in with Progress Rail regarding the status of his work and that his work product was subject to review are things that would have been required of an independent contractor as well as an employee, and are not dispositive (*see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d at 438). Therefore, we conclude that substantial evidence does not support the Board's decision.

Peters, P.J., Lahtinen, McCarthy and Rose, JJ., concur.

Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.