*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                517997
_____

In the Matter of the Claim of
    ULTIMO P. GUIDOTTI,
                    Respondent.

SWISSPORT USA, INC.,                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  June 9, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

_____

        Sedgwick LLP, New York City (J. Gregory Lahr of counsel),
for appellant.

        James W. Cooper, Warrensburg, for Ultimo P. Guidotti,
respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for Commissioner of Labor, respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed January 25, 2013, which ruled that Swissport USA,
Inc. was liable for additional unemployment insurance
contributions based upon remuneration paid to claimant and others
similarly situated.

        Claimant worked as an operations manager for Alitalia, Inc.
until 2007, when his position was eliminated as part of a
company-wide staff reduction.  He thereafter performed the same
work but was paid by Swissport USA, Inc., a company that

performed ground handling work for Alitalia and was asked to assist in "hid[ing] [his] presence within Alitalia." Claimant's work ended when Alitalia declared bankruptcy in 2008, and he thereafter applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled that claimant was an employee of Swissport and held Swissport liable for additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated. Swissport now appeals, arguing that the Board's finding of an employer-employee relationship was in error.

"Whether an employment relationship exists within the meaning of the unemployment insurance law is a factual question for the Board to resolve, and its determination in this regard — if supported by substantial evidence in the record as a whole — will not be disturbed" (Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d 1132, 1133-1134 [2014] [citations omitted]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). Such a relationship will generally "be found to exist where the employer exercises control over the results produced or the means used to achieve those results, with the latter being more important" (Matter of Columbia Artists Mgt. LLC [Commissioner of Labor], 109 AD3d 1055, 1056 [2013]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437).

Here, claimant executed a "consultant agreement" that required him to perform assignments given by Swissport, provided that all work generated by him was the property of Swissport, and prohibited him from disclosing information regarding that work except as authorized by Swissport. Claimant worked regular hours at an office, was required to attend meetings conducted by Swissport, gave notice to Swissport when he traveled or took time off, and testified that he did not feel free to accept outside work. He was further reimbursed for his travel expenses by Swissport, and received compensation to cover his health insurance premiums. Lastly, while claimant continued to perform his duties for Alitalia, he confirmed in the course of his testimony that he viewed that work as being an assignment for Swissport. Thus, notwithstanding evidence to the contrary,

substantial evidence in the record supports the Board's decision (see Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d at 1134-1135; Matter of Lambert [Staubach Retail Servs. New England, LLC—Commissioner of Labor], 18 AD3d 1049, 1050-1051 [2005]).

Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court