## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 19, 2015                    519483
_____

In the Matter of the Claim of
    JASIME DWIGHTMOORE,
                    Respondent.

LAWRENCE M. FANFAIR et al.,                MEMORANDUM AND ORDER
                    Appellants.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   January 20, 2015

Before:   Lahtinen, J.P., Garry, Egan Jr. and Clark, JJ.

_____

        Olga Medyukh, New York City, for appellants.

        Michelle I. Rosien, Philmont, for Jasime Dwightmoore,
respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed October 10, 2013, which ruled that claimant was
entitled to receive unemployment insurance benefits.

        Lawrence M. Fanfair and Jamila Fanfair operated a cleaning
and janitorial service under the name Shield Cleaning, for which
claimant performed cleaning services until March 2012.  Claimant
then applied for unemployment benefits.  The Department of Labor
denied that application on the ground that claimant performed
services as an independent contractor.  Following hearings, an
Administrative Law Judge overruled the initial determination and
referred the matter for a separate investigation and
determination of claimant's earnings.  The Unemployment Insurance
Appeal Board affirmed, prompting this appeal.

We affirm.  "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983] [citation omitted]; accord Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2014]).  An employment relationship will be found "when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results," with "'control over the means [being] the more important factor'" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437, quoting Matter of Ted is Back Corp. [Roberts], 64 NY2d 725, 726 [1984]).  In contrast, "[i]ncidental control over the results produced," such as supplying form contracts, requiring periodic reports and attendance at meetings, giving instruction on what to wear or how to make a presentation, "without further indicia of control over the means employed to achieve the results[,] will not constitute substantial evidence of an employer-employee relationship" (Matter of Ted is Back Corp. [Roberts], 64 NY2d at 726; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437-438; Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004]).

Here, claimant testified that Shield Cleaning contacted her with assignments and told her how long to spend at each assignment, and that she was required to accept unless she was performing another assignment or could produce documentation, such as a doctor's note, to show why she was not at work.  Shield Cleaning worked out the requirements in advance and memorialized the agreements with the client in writing.  Claimant was paid by the hour, required to submit time sheets, had a certain percentage of her paycheck deducted as insurance and agreed in writing not to solicit any of Shield Cleaning's clients as her own.  She was also provided with supplies to perform her work and a t-shirt with the company's logo and telephone number on it.  Claimant was paid regardless of whether the client paid, and any complaints about the work were directed to Shield Cleaning,

rather than claimant.  Notwithstanding the existence of evidence in the record to support a contrary conclusion, the foregoing constitutes substantial evidence to support the Board's conclusion that the control retained by Shield Cleaning was more than incidental and sufficient to establish that claimant was its employee and not an independent contractor (see Matter of DeRose [Winston Retail Solutions, LLC–Commissioner of Labor, 119 AD3d 1174, 1175 [2014]; Matter of Economy Off. Maintenance [Commissioner of Labor], 292 AD2d 651, 651-652 [2002]; Matter of Viniotis [Town of Islip–Commissioner of Labor, 280 AD2d 731, 732 [2001]).

Lahtinen, J.P., Garry, Egan Jr. and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court