■ In the Matter of the Claim of Eleonora Chorekchan, Appellant. New York City Board of Elections, Respondent; Commissioner of Labor, Respondent. [9 NYS3d 752]—

McCarthy, J.P. Appeal from a decision of the Unemployment Insurance Appeals Board, filed October 8, 2013, which ruled that certain remuneration that claimant received cannot be used to establish entitlement to unemployment insurance benefits.

Claimant, who had worked for multiple employers, filed for unemployment insurance benefits in January 2013. During her base period, her employment included services performed as an election poll worker for the New York City Board of Elections (hereinafter Board of Elections) for which she was compensated $300. The Department of Labor determined that claimant was entitled to unemployment insurance benefits, but that the remuneration received from the Board of Elections could not be considered in establishing her benefit rate because it did not constitute covered employment. After a hearing, an Administrative Law Judge reversed but, on appeal, the Unemployment Insurance Appeal Board reversed the Administrative Law Judge, finding that the evidence failed to establish that the services that claimant performed as a poll worker were covered employment and, thus, her remuneration for those services could not be used to establish her benefits. Claimant now appeals, and we affirm.

"Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the . . . [B]oard, if supported by substantial evidence on the record as a whole, is beyond further judicial review even [if] there is evidence in the record that would have supported a contrary conclusion" (*Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983] [citations omitted]; *accord Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 437 [2010]; *Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682 [1986], *cert denied* 481 US 1049 [1987]). "An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results [although] control over the means [used to achieve those results] is the more important factor to be considered" (*Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d at 437 [internal quotation marks and citations omitted]; *see Matter of McCollum [Fire Is. Union Free Sch. Dist.—Commissioner of Labor]*, 118 AD3d 1203, 1204 [2014]).

Here, claimant testified that she responded affirmatively to a

card received in the mail from the Board of Elections asking if she was available to work on election day; she thereafter received training and was assigned to a polling place, where she worked as a poll worker or inspector on election day. Her duties included setting up and overseeing tables, signing in voters, showing them how to use the voting machines, keeping track of voting cards and printing a tally of votes at the end of the day, which were reported to the Board of Elections.

Poll clerks, like election inspectors, are appointed, trained, compensated and perform duties as mandated by statute and overseen by the New York State Board of Elections (*see* Election Law §§ 3-400, 3-402, 3-404, 3-412, 3-420; *see also* Election Law § 3-102). In the City of New York, they are compensated at a per diem rate established by the Mayor (*see* Election Law § 3-420 [1]). While, pursuant to those governing statutes, the Board of Elections may have exercised some supervision over the poll workers and their training, this is insufficient, by itself, to establish an employer-employee relationship, and the record is devoid of any proof that any such supervision exercised exceeded that required by law, or that additional duties or requirements were imposed beyond those provided by statute (*see Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895, 898 [1982]; *Matter of Wannen [Andrew Garrett Inc.—Commissioner of Labor]*, 57 AD3d 1029, 1030 [2008]; *compare Matter of Cohen [Blinder, Robinson & Co.—Roberts]*, 67 NY2d 683, 684 [1986]; *Matter of Cohen [Just Energy Mktg. Corp.—Commissioner of Labor]*, 117 AD3d 1112, 1112-1113 [2014], *lv dismissed* 24 NY3d 928 [2014]).

Claimant's contention that she should have been deemed to be an employee because taxes were withheld from her paycheck pursuant to a ruling by the Internal Revenue Service that poll workers are considered employees for federal tax purposes is unavailing, as such rulings are not binding on the Board (*see Matter of Enjoy the Show Mgt. [Commissioner of Labor]*, 287 AD2d 822, 823 [2001]; *Matter of Gliemmo [Pomona Park Kennels—Commissioner of Labor]*, 268 AD2d 854, 855 [2000]). As substantial evidence supports the Board's determination, it will not be disturbed.

Egan Jr., Lynch and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.