■ In the Matter of the Claim of ENCORE MUSIC LESSONS LLC, Appellant. COMMISSIONER OF LABOR, Respondent. [10 NYS3d 359]—

Garry, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 10, 2013, which assessed Encore Music Lessons LLC for additional unemployment insurance contributions.

Encore Music Lessons LLC is in the business of providing music teachers to students looking for music instruction. Teachers interested in providing music lessons contact Encore through its website or referrals and fill out an online application to create a profile for Encore's database. Prospective students looking for music teachers, or their parents, contact Encore through its website, information is collected regarding each student's age, location, interest and playing level and Encore sends the students' names to selected teachers in their area who match the students' needs. After a teacher accepts a referred student, Encore provides contact information and the teacher and students arrange the lesson schedule and location, either at the student's house or the teacher's studio or home. Teachers submit monthly invoices to Encore specifying the number and length of lessons taught and Encore bills the students directly using a flat-fee schedule established by Encore, and pays the teachers a per lesson fee which is negotiated and generally lower than the fee charged the student. Following an audit, Encore was assessed $4,564.27 for unemployment insurance contributions on behalf of the teachers who performed music instruction between January 1, 2006 and December 31, 2007. Encore objected, contending that the teachers were independent contractors and, after a hearing, an Administrative Law Judge found that the teachers were not employees and overruled the assessment. The Unemployment Insurance Appeal Board subsequently reversed, finding that the teachers were employees, and Encore now appeals.

We affirm. "Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence" (*Matter of John Lack Assoc., LLC [Commissioner of Labor]*, 112 AD3d 1042, 1043 [2013] [citations omitted]). Generally, such a relationship will be found to exist where the employer exercises control over the results produced or, more importantly, the means used to achieve those results (*see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 437 [2010]). However, "where the details of the work performed are difficult to control because of considerations such as professional . . . responsibilities," courts have applied

the " 'overall control' " test, which requires that the employer exercise control over " 'important aspects of the services performed' " (*id.* at 437-438, quoting *Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]), a test which has been applied to musicians who "do not easily lend themselves to direct supervision or control" (*Matter of DeSantis [Commissioner of Labor]*, 54 AD3d 1103, 1104 [2008]; *accord Matter of Columbia Artists Mgt. LLC [Commissioner of Labor]*, 109 AD3d 1055, 1056-1057 [2013]). Further, "an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an[ ] employment relationship" (*Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor]*, 119 AD3d 1260, 1260 [2014] [internal quotation marks and citations omitted]).

Here, during the relevant period, Encore screened the teachers, checked their references, conducted criminal background checks and then matched students to teachers based upon a variety of factors, including qualifications. Encore thereafter followed up with the students after lessons to ensure that they were satisfied. Encore set the lesson fees, which were generally the same for all teachers with some exceptions, billed students directly and paid teachers regardless of whether the students paid Encore. Although teachers used their own equipment, determined the lesson plans or methods and could decline students, they were required to sign a contract that provided that they would, "when reasonably requested by [Encore], act as a music lesson instructor." The contract also contained a clause prohibiting teachers from soliciting Encore's students that was in effect during the contract and for three years after its expiration, although teachers were allowed to work for competitors and to have their own private students. Under these circumstances, the Board's finding of an employer-employee relationship is supported by substantial evidence and will be upheld, notwithstanding the considerable evidence that would have supported a contrary conclusion and that the contract identified the teachers as independent contractors (*see Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor]*, 119 AD3d at 1260; *Matter of Tekmitchov [Musika LLC]*, 110 AD3d 1301, 1301 [2013], *lv dismissed* 23 NY3d 941 [2014]; *Matter of Columbia Artists Mgt. LLC [Commissioner of Labor]*, 109 AD3d at 1057).

Peters, P.J., Rose and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.