Matter of Rodriguez (Penn Mut. Life Ins. Co.--Commissioner of Labor) (2021 NY Slip Op 02195)





Matter of Rodriguez (Penn Mut. Life Ins. Co.--Commissioner of Labor)


2021 NY Slip Op 02195


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

528753
[*1]In the Matter of the Claim of Rudy A. Rodriguez, Respondent. Penn Mutual Life Insurance Company, Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 17, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Morgan, Lewis & Bockius LLP, New York City (Sarah L. Huff of counsel), for appellant.
Salvatore C. Adamo, Albany, for Rudy A. Rodriguez, respondent.
Letitia James, Attorney General, New York City (Dawn A. Foshee of counsel), for Commissioner of Labor, respondent.



Pritzker, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed February 19, 2019, which ruled that Penn Mutual Life Insurance Company was liable for unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated.
In May 2013, claimant, a licensed insurance broker and agent during the time period in question, entered into a written agreement with Penn Mutual Life Insurance Company (hereinafter Penn Mutual) to act as an agent for Penn Mutual selling insurance. Thereafter, in August 2013, claimant and Penn Mutual executed a written Full-Time Soliciting Agent's Contract (Individual Variable and Nonvariable Products), which superseded the prior agreement but otherwise maintained his responsibilities. In 2014, Penn Mutual terminated its relationship with claimant, prompting claimant to file for unemployment insurance benefits. The Department of Labor issued an initial determination finding that claimant was eligible for benefits based upon remuneration paid to him and others similarly situated. Penn Mutual objected and, following hearings, an Administrative Law Judge (hereinafter the ALJ), among other things, overruled the Department's determination and found that claimant was ineligible for unemployment insurance benefits based upon his status as an independent contractor. Upon review, the Unemployment Insurance Appeal Board reversed the decision of the ALJ, finding that claimant was an employee and therefore was eligible for benefits based upon remuneration paid to him and others similarly situated. Penn Mutual appeals.
As an initial matter, Penn Mutual does not challenge that portion of the Board's decision finding that its written agreements with claimant failed to satisfy the requirements of Labor Law § 511 (21), which, if satisfied, would exclude the services provided by claimant from the definition of "employment" and render him ineligible to receive unemployment insurance benefits (see Labor Law § 511 [21] [d] [i]-[vii]; Matter of Joyce [Coface N. Am. Ins. Co.-Commissioner of Labor], 116 AD3d 1132, 1133 [2014]). Instead, Penn Mutual contends that the Board's finding of an employer-employee relationship is not supported by substantial evidence. We disagree. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983] [citations omitted]; accord Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Mitchell [Nation Co. Ltd Partners-Commissioner of Labor], 145 AD3d 1404, 1405 [2016]; see Matter of Joyce [Coface N. Am. Ins. Co.-[*2]Commissioner of Labor], 116 AD3d at 1133-1134). "While no single factor is determinative, control over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important" (Matter of Jennings [American Delivery Solution, Inc.-Commissioner of Labor], 125 AD3d 1152, 1153 [2015] [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 137 [2020]; Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437). "Substantial evidence is a minimal standard requiring less than a preponderance of the evidence . . . [, and] if the evidence reasonably supports the Board's choice, we may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 136-137 [internal quotation marks, brackets and citations omitted]).
Here, the record contains numerous indicia of control exerted by Penn Mutual over claimant, several of which were memorialized in the written agreements executed between them. Penn Mutual, among other things, assigned claimant a sales territory, set product prices, paid claimant according to a commission schedule that it established, did not allow claimant to assign the written agreements without prior written consent of Penn Mutual, maintained ownership of all policyholder data, records, material and supplies that were furnished to claimant during the course of business and prohibited claimant from soliciting or servicing Penn Mutual's policy holders for two years following the termination of the August 2013 agreement. Significantly, prior to commencement of their business relationship, Penn Mutual screened and interviewed claimant, conducted a criminal background and credit check and reviewed claimant's work history performance (see Matter of Giampa [Quad Capital, LLC-Commissioner of Labor], 181 AD3d 1129, 1129-1130 [2020]; Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor] 119 AD3d 1260, 1260-1261 [2014]; Matter of Lamar [Eden Tech., Inc.-Commissioner of Labor], 109 AD3d 1038, 1039 [2013]). In addition, claimant was required to attend an orientation training that discussed, among other things, company values and was provided a company handbook that addressed, among other things, appearance and behavior. Penn Mutual provided claimant with an expense allowance, access to support staff, an assigned office space and various business supplies including, among other things, business cards with the employer's affiliated agency's name on them, a telephone and company email address. Penn Mutual required its approval of claimant's professional liability insurance as well as any advertising or sales promotion material that claimant sought to use. Penn Mutual also permitted claimant to participate in its pension plan and matched funds that claimant contributed to that plan. The record also indicates that claimant [*3]frequently attended meetings, during which Penn Mutual would review claimant's performance and offer training on new products and sales strategies. The foregoing proof, in our view, is sufficient to support the Board's finding of an employment relationship between Penn Mutual and claimant and those similarly situated, notwithstanding the existence of other evidence in the record that could support a contrary conclusion (see Matter of Joyce [Coface N. Am. Ins. Co.-Commissioner of Labor], 116 AD3d at 1134-1135; Matter of Lambert [Staubach Retail Servs. New England, LLC-Commissioner of Labor], 18 AD3d 1049, 1050 [2005]; compare Matter of New York Life Ins. Co. [Ross], 63 AD2d 1095, 1095 [1978]).
Although it is unclear whether the Board expressly considered the relevant guidelines adopted by the Department in ascertaining claimant's employment status as an insurance broker (see Guidelines for Determining Worker Status: Insurance Sales Industry [Nov. 2013]), we discern no inconsistency between either the guidelines and the common-law employer-employee test or the guidelines and the Board's decision (see Matter of Joyce [Coface N. Am. Ins. Co.-Commissioner of Labor], 116 AD3d at 1135). Finally, contrary to Penn Mutual's claim, the Board properly held that its finding of employment applied to all others determined to be similarly situated to claimant (see Labor Law § 620 [1] [b]; Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d 1858, 1860 [2020]; Matter of Mitchum [Medifleet, Inc.-Commissioner of Labor], 133 AD3d 1156, 1157-1158 [2015]). To the extent that Penn Mutual's remaining contentions that are properly before us have not been specifically addressed, they have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are affirmed, without costs.