Matter of Mayo (Epstein--Commissioner of Labor) (2021 NY Slip Op 02200)





Matter of Mayo (Epstein--Commissioner of Labor)


2021 NY Slip Op 02200


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

529931
[*1]In the Matter of the Claim of Geraldine M. Mayo, Respondent. Stephen P. Epstein, as Receiver, Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Jaspan Schlesinger LLP, Garden City (Edward H. Grimmett of counsel), for appellant.
Teresa C. Mulliken, Harpersfield, for Geraldine M. Mayo, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.



Egan Jr., J.P.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed February 19, 2019, which ruled, among other things, that Stephen P. Epstein was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Stephen P. Epstein was appointed receiver to manage certain commercial real property that was being foreclosed upon and, with judicial approval, entered into a written agreement retaining claimant as the property manager (see 22 NYCRR 36.1 [a] [10]; 36.2). Claimant was employed by a company that provided property management services at the time she was retained, but continued to serve as property manager for Epstein after that employment ended. When the receivership ended, she filed a claim for unemployment insurance benefits. The Department of Labor issued an initial determination finding that claimant was Epstein's employee in his capacity as receiver and, following a hearing, an Administrative Law Judge agreed. The Unemployment Insurance Appeal Board affirmed, and Epstein appeals.
We affirm. Whether an employer-employee relationship exists is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence in the record (see Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d 1858, 1859 [2020]; Matter of Thorndike [Penn Mut. Life Ins. Co.-Commissioner of Labor], 185 AD3d 1255, 1256 [2020]). Although all aspects of the working arrangement are considered in discerning that relationship, the key question "is whether the [putative] employer exercised control over the results produced by the worker or the means used to achieve the results" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 137 [2020]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Thomas [US Pack Logistics, LLC-Commissioner of Labor], 189 AD3d at 1859).
Here, the written agreement specified the tasks that claimant was expected to perform as property manager, and both it and the hearing testimony reflected that she needed Epstein's approval for most significant management decisions, including evicting tenants and contracting for maintenance and repair work. In fact, claimant's authority was even more limited than the agreement contemplated, as Epstein treated maintenance workers at the property as receivership employees and eventually deprived claimant of control over rent collection. Epstein also paid all costs relating to the upkeep of the property and reimbursed claimant on the few occasions when she had out-of-pocket expenses in that regard. Claimant was further frequently present at the property — albeit not in a designated office or on a set schedule — and was obliged to both consult with Epstein when issues arose there and submit detailed monthly reports for his review. In our view, notwithstanding proof in the record that could [*2]support a different conclusion, the foregoing constitutes substantial evidence for the Board's finding that claimant was Epstein's employee (see Matter of Magdylan [Munschauer-Commissioner of Labor], 172 AD3d 1832, 1833-1834 [2019]; Matter of New York State Sheriffs' Assn., Inc. [Commissioner of Labor], 164 AD3d 979, 980-981 [2018]; Matter of Hawley [Catherwood], 30 AD2d 1002, 1002 [1968]).
As a final matter, a receiver such as Epstein may be deemed an employer (see Labor Law § 512 [1]), and we reject his contention that the Board's decision to do so here impinged upon judicial authority or otherwise offended public policy (see e.g. Matter of Viau [New York State Off. of Ct. Admin.-Commissioner of Labor], 125 AD3d 1223, 1226-1227 [2015]).
Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.