Matter of Hossain (Groundanywhere LLC--Commissioner of Labor) (2022 NY Slip Op 03424)





Matter of Hossain (Groundanywhere LLC--Commissioner of Labor)


2022 NY Slip Op 03424


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

533248
[*1]In the Matter of the Claim of Mohammed K. Hossain, Respondent. Groundanywhere LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date:April 27, 2022

Before:Clark, J.P., Pritzker, Colangelo, Ceresia and McShan, JJ.

Windels Marx Lane & Mittendorf, LLP, New York City (Scott R. Matthews of counsel), for appellant.
Brooklyn Legal Services, New York City (Nicole Salk of counsel), for Mohammed K. Hossain, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.



Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 8, 2020, which ruled, among other things, that Groundanywhere LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Groundanywhere LLC operates a digital platform on a smartphone app that provides transportation services to clients seeking rides in New York City. Claimant was engaged as a driver for Groundanywhere from July 2016 through July 2017, when he applied for unemployment insurance benefits after he ceased driving for that platform. The Department of Labor issued an initial determination that claimant was an employee of Groundanywhere and, after a hearing, an Administrative Law Judge upheld that determination. The Unemployment Insurance Appeal Board affirmed, finding that Groundanywhere was liable for additional unemployment insurance contributions on remuneration paid to claimant and other similarly situated drivers. Groundanywhere appeals.
We affirm. Under settled law, "whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the . . . [B]oard, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary decision" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010] [internal quotation marks, brackets and citations omitted]). This analysis requires that "all aspects of the arrangement" be considered, although "the touchstone of the analysis is whether the employer exercised control over the results produced by the worker or the means used to achieve the results" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 137 [2020] [internal quotation marks, brackets and citations omitted]).
Shortly after the Board's decision here, we held that substantial evidence supported the Board's determination that drivers for Uber Technologies, Inc in upstate New York were employees of Uber (see Matter of Lowry [Uber Tech., Inc.-Commissioner of Labor], 189 AD3d 1863 [2020], lv dismissed 37 NY3d 1045 [2021]). We find that the relationship between Groundanywhere and its drivers is not materially distinguishable from the employment relationship between Uber and its drivers. The record reflects that Groundanywhere uses a smartphone app that is essentially similar to the one used by Uber and exercises a comparable level of control over its drivers, providing substantial evidence to support the Board's finding that claimant and other similarly situated drivers were employees entitled to unemployment insurance benefits and for whom Groundanywhere was liable for additional contributions (see id. at 1864-1866; cf. Matter of Escoffery [Park W. Exec. Servs. Inc.-Commissioner of Labor], 180 AD3d 1294, [*2]1295-1297 [2020]). The indicia of control include use of an app owned by Groundanywhere, which reviews and screens drivers' various credentials and inspects their vehicles for compliance with its standards, provides drivers with a GPS navigation system, tests their knowledge of geography and ability to use GPS, and handles both driver and client complaints and problems that arise during the transport. Groundanywhere coordinates and oversees all aspects of the ride through its app, tracking the drivers and the ride on GPS and running a help desk for the drivers and controlling the drivers' access to its clients. Groundanywhere sets and calculates the fares, keeps a set percent as a fee, charges the client a processing fee, adds a gratuity which, if disputed by the client, results in the driver getting a higher percent of the fare in lieu of a gratuity, collects the charges from the client and pays a percent of the base charge to the drivers, who are paid even if the client fails to show up for the trip or disputes the charges. Although drivers use and maintain their own vehicles and pay all vehicle expenses, they display a Groundanywhere logo and are reimbursed for tolls and parking costs. Clients are able to rate drivers, who are selected based upon their location, ratings and history of accepting offered fares. Upon review of the record as a whole, we find that, notwithstanding evidence in the record that may support a contrary conclusion, substantial evidence supports the Board's determination (see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d at 137-140; Matter of Lowry [Uber Tech., Inc.-Commissioner of Labor], 189 AD3d at 1865-1866; Matter of Aleksanian [Corporate Transp. Group, Ltd.-Commissioner of Labor], 180 AD3d 1307, 1309 [2020]; Matter of Jung Yen Tsai [XYZ Two Way Radio Serv., Inc.-Commissioner of Labor], 166 AD3d 1252, 1254-1255 [2018]). To the extent that Groundanywhere's remaining contentions are not addressed, they have been considered and found to be without merit.
Clark, J.P., Colangelo, Ceresia and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.