■ In the Matter of the Claim of ROBERT KOENIG, Appellant. COMMISSIONER OF LABOR, Respondent. [844 NYS2d 909]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 4, 2007, which, among other things, charged claimant with a recoverable overpayment of unemployment insurance benefits.

On June 2, 2004, the Department of Labor issued an initial determination finding that claimant was ineligible to receive unemployment insurance benefits commencing October 6, 2003 on the basis that he was not totally unemployed, charging him with a recoverable overpayment of $10,478 and reducing his right to receive future benefits by 208 effective days. Following an appeal, the Unemployment Insurance Appeal Board issued an October 22, 2004 decision which modified the prior determination by reducing the period during which claimant was found not to be totally unemployed from October 6, 2003 through December 31, 2003, and remitted the matter for a recalculation of the recoverable overpayment and forfeiture penalty. Based upon this decision, the Department issued a revised determination on November 23, 2005 finding that claimant was not totally unemployed during the subject time period, charging him with a recoverable overpayment of $4,332.25 and reducing his right to receive future benefits by 92 effective days. Following extended proceedings, the Board issued a January 4, 2007 decision charging claimant with a recoverable overpayment of $4,332.25 and finding that, while the forfeiture penalty period of 92 days was warranted, it had expired on January 4, 2006. Claimant now appeals.

We affirm. Inasmuch as claimant did not appeal from the Board's October 22, 2004 decision, the merits of its findings that claimant was not totally unemployed from October 6, 2003 through December 31, 2003 and that he made willful misrepresentations to obtain benefits are not properly before this Court (*see Matter of Collins [Commissioner of Labor]*, 270 AD2d 537 [2000], *lv dismissed* 95 NY2d 819 [2000]; *Matter of Perone [Sweeney]*, 217 AD2d 730 [1995]). Significantly, these findings

provide the basis for the Board's January 4, 2007 decision charging him with a recoverable overpayment of $4,332.25. There is no dispute that this is the amount of benefits received by claimant as he conceded this at one of the hearings. Therefore, notwithstanding the delay in the ultimate resolution of this case, we find no reason to disturb the Board's decision.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.