## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  February 19, 2015                518266
_____

In the Matter of the Claim of
    RICHARD G. JENNINGS,
                    Respondent.

AMERICAN DELIVERY SOLUTION,          MEMORANDUM AND ORDER
    INC., Doing Business as
    PERFECT DELIVERY SERVICES,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  December 2, 2014

Before:  Lahtinen, J.P., Garry, Egan Jr. and Devine, JJ.

_____

        Segal McCambridge Singer & Mahoney, New York City (Annette
G. Hasapidis of counsel), for appellant.

        Francis J. Smith, Albany, for Richard G. Jennings,
respondent.

_____

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed May 13, 2013, which ruled that American
Delivery Solution, Inc. was liable for unemployment insurance
contributions based on remuneration paid to claimant and others
similarly situated.

        Claimant worked as a delivery person for American Delivery
Solution, Inc. (hereinafter ADS) – a business that transports
lost luggage from airports to luggage owners.  After his
employment ended, claimant applied for unemployment insurance
benefits and the Department of Labor determined that claimant was

an employee of ADS and, therefore, ADS was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. ADS objected on the ground that claimant was an independent contractor and, following a hearing, the Administrative Law Judge sustained the initial determination and the Unemployment Insurance Appeal Board affirmed. ADS now appeals.

We reverse. Whether an employee-employer relationship exists "is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record" (Matter of McCollum [Fire Is. Union Free Sch. Dist.—Commissioner of Labor], 118 AD3d 1203, 1203 [2014]; see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]). "'While no single factor is determinative, control over the results produced or the means used to achieve those results are pertinent considerations, with the latter being more important'" (Matter of Matter of Armison [Gannett Co.—Commissioner of Labor], 122 AD3d 1101, 1102 [2014], quoting Matter of Automotive Serv. Sys., Inc. [Commissioner of Labor], 56 AD3d 854, 855 [2008]). Upon reviewing the record here, we find that the requisite control is lacking.

Claimant paid all of the expenses associated with his delivery work, including the lease of his vehicle, fuel, tolls, insurance, maintenance and his cell phone. For his services, claimant negotiated his own rate of pay and was paid a portion of the commission paid to ADS (see Matter of Holleran [Jez Enters., Inc.—Commissioner of Labor], 98 AD3d 757, 759 [2012])].[1] No training was provided by ADS, nor did it impose any conditions on the way that claimant performed his work. Claimant spoke to the customer directly to determine delivery times and was ultimately responsible for lost or damaged luggage. Moreover, under the parties' agreement, which designated him an independent contractor, claimant was permitted to hire other individuals to perform work, did not work a fixed schedule, had the right to

---

[1] ADS utilized a third party to perform administrative services, such as issuing payroll and ensuring that drivers maintained required insurance.

accept or reject assignments and was free to work for any other company (see Matter of Holleran [Jez Enters., Inc.—Commissioner of Labor], 98 AD3d at 759; compare Matter of Lewis [Absolute Distrib., Inc.—Commissioner of Labor], 121 AD3d 1488, 1488-1489 [2014]; Matter of Khan [Mirage Limousine Serv., Inc. —Commissioner of Labor], 66 AD3d 1098, 1099 [2009], lv denied 13 NY3d 717 [2010]).  Under these circumstances, we are unable to conclude that substantial evidence exists supporting the Board's decision that ADS exercised sufficient control over claimant to establish an employer-employee relationship (see Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d 1042, 1043 [2013]; Matter of Holleran [Jez Enters., Inc.—Commissioner of Labor], 98 AD3d at 758) and, therefore, the Board's decisions must be reversed.

Lahtinen, J.P., Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court