*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                    519458
_____

In the Matter of the Claim of
    PAUL C. McALEVEY,
                    Respondent.

AGEWELL PHYSICAL THERAPY &
    WELLNESS, P.C.,                          MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  January 20, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Clark, JJ.

_____


        Capell, Barnett, Matalon & Schoenfeld LLP, Jericho (Joseph
Milano of counsel), for appellant.

        Catherine A. Barber, Albany, for Paul C. McAlevey,
respondent.

_____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed September 24, 2013, which ruled that Agewell
Physical Therapy & Wellness, P.C. was liable for unemployment
insurance contributions based on remuneration paid to claimant
and others similarly situated.

        Agewell Physical Therapy & Wellness, P.C. is a licensed
physical and occupational therapy center, specializing in
treating geriatric patients, most of whom require transportation
to appointments.  Agewell provides this service as a courtesy
using its own vehicles — including four cars and two wheelchair-
accessible vans — and a pool of drivers, formerly including

claimant.   In 2009, the Department of Labor granted claimant's application for unemployment insurance benefits.  Following a hearing, an Administrative Law Judge overruled the initial determination and found that claimant and all others similarly situated were independent contractors ineligible to receive benefits.  Upon remand by the Unemployment Insurance Appeal Board for a new hearing due to lack of a complete transcript, the Administrative Law Judge upheld the initial determination granting benefits.  The Board affirmed, prompting this appeal.

We affirm.  "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983] [citations omitted]; accord Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]).  An employment relationship will be found "when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results," with "'control over the means [being] the more important factor'" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437, quoting Matter of Ted is Back Corp. [Roberts], 64 NY2d 725, 726 [1984]).  In contrast, "[i]ncidental control over the results produced," such as supplying form contracts, requiring periodic reports and attendance at meetings, giving instruction on what to wear or how to make a presentation, "without further indicia of control over the means employed to achieve the results[,] will not constitute substantial evidence of an employer-employee relationship" (Matter of Ted is Back Corp. [Roberts], 64 NY2d at 726; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437-438; Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004]).

Here, the evidence presented at the hearing demonstrated that Agewell set the driver's schedules, determining the order in which multiple clients would be picked up, and required the

drivers to sign in and out.  Drivers typically used Agewell's vehicles with the company logo on them and its credit card when putting gas into the vehicles, but were reimbursed if they used their own vehicles.  Claimant further testified that shirts and jackets with the company logo were provided and that he typically wore them, along with a name tag.  Agewell also fielded complaints from clients and provided feedback to the drivers on their performance.  Drivers were allowed to pursue their own business interests and many did, including claimant.  Notwithstanding the existence of evidence in the record to support a contrary conclusion, the foregoing constitutes substantial evidence to support the Board's conclusion that the control retained by Agewell was more than incidental and sufficient to establish that claimant was its employee and not an independent contractor (see Matter of Khan [Mirage Limousine Serv., Inc.—Commissioner of Labor, 66 AD3d 1098, 1099-1100 [2009], lv denied 13 NY3d 717 [2010]; Matter of Automotive Serv. Sys., Inc. [Commissioner of Labor], 56 AD3d 854, 855 [2008]; Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor], 28 AD3d 1044, 1044-1045 [2006], lv dismissed 7 NY3d 844 [2006]; Matter of CDK Delivery Serv. [Hartnett], 151 AD2d 932, 932-933 [1989]; see also Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 517-521 [1985]).

Agewell's remaining arguments are either lacking in merit or unpreserved for our review.

Lahtinen, J.P., Garry, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court