*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 9, 2015                    519592
_____

In the Matter of the Claim of
    NIRAV S. JHAVERI,
                    Respondent.

STACY BLACKMAN CONSULTING,                  MEMORANDUM AND ORDER
    INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  February 24, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Clark, JJ.


                    _____


        Sanjeeve K. DeSoyza, Albany, for appellant.

        Bruce E. Knoll, Albany, for Nirav S. Jhaveri, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Commissioner of Labor,
respondent.


                    _____


        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed November 5, 2013, which ruled, among other
things, that Stacy Blackman Consulting, Inc. was liable for
unemployment insurance contributions based on remuneration paid
to claimant and others similarly situated.

        Stacy Blackman Consulting, Inc. (hereinafter SBC) is
engaged in the business of assisting students who are applying to
business school.  Claimant performed that work, and the
Unemployment Insurance Appeal Board ruled that he and others

similarly situated were SBC's employees.  SBC now appeals.

"Whether an employee-employer relationship exists 'is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record'" (Matter of Jennings [American Delivery Solution, Inc.—Commissioner of Labor], 125 AD3d 1152, 1152-1153 [2015] [citation omitted], quoting Matter of McCollum [Fire Is. Union Free School Dist.—Commissioner of Labor], 118 AD3d 1203, 1203 [2014]).  While "[a]n employer-employee relationship [generally] exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results," substantial control over other important aspects of the work is sufficient in cases involving professionals (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736-737 [1983]).  Inasmuch as substantial evidence does not support the Board's finding that an employer-employee relationship existed under either standard, we reverse.

SBC did not screen claimant, but retained his services because he had been introduced to its president through a mutual acquaintance as someone who had gone to business school and was familiar with the application process.  Claimant thereafter executed an agreement that designated him an independent contractor.  He further negotiated his own fee, was not reimbursed for expenses, and was not provided with any benefits. SBC did not train, supervise or otherwise direct claimant in the performance of his work, although it did require him to turn over whatever application materials he had helped prepare.  SBC also did not perform any substantive review of claimant's work, did not require him to attend any meetings or consult with it, and allowed him to decline assignments and take time off as he saw fit.  Moreover, while the parties' agreement required claimant to keep sample application materials provided by SBC confidential and imposed restrictions on his ability to work for competitors in the field, the president of SBC testified without contradiction that she had never enforced those provisions and had permitted claimant to work elsewhere.  Under these circumstances, we are unable to conclude that SBC exercised

sufficient control over claimant to establish an employer-employee relationship (see Matter of Jennings [American Delivery Solution, Inc.—Commissioner of Labor], 125 AD3d at 1153; Matter of Richins [Quick Change Artistry, LLC—Commissioner of Labor], 107 AD3d 1342, 1344 [2013]; compare Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d 1260, 1261 [2014]).

The remaining arguments of SBC have been rendered academic in light of the foregoing.

Lahtinen, J.P., Garry, Lynch and Clark, JJ., concur.

ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court