## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 23, 2015          519854
                                             519855
                                             519856

_____

In the Matter of the Claim of
    MAUREEN F. LAWLOR,
                    Respondent.

EXAMONE WORLD WIDE INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
(Claim No. 1.)
_____

In the Matter of the Claim of
    MICHELLE C. LEE,
                    Respondent.

EXAMONE WORLD WIDE INC.,                 MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
(Claim No. 2.)
_____

In the Matter of the Claim of
    SHANNON M. TRAVIS,
                    Respondent.

EXAMONE WORLD WIDE INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
(Claim No. 3.)
_____

Calendar Date:  June 2, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

DLA Piper LLP, New York City (Erin Carney D'Angelo of counsel), for appellant.

Francis J. Smith, Albany, for Maureen F. Lawlor, Shannon M. Travis and Michelle C. Lee, respondents.

_____

Lahtinen, J.

Appeals from six decisions of the Unemployment Insurance Appeal Board, filed January 9, 2014, which ruled that ExamOne World Wide Inc. is liable for unemployment insurance contributions on remuneration paid to claimants and others similarly situated.

Some basic medical information is typically required from individuals when applying for certain types of insurance, such as life insurance.  ExamOne World Wide Inc. gathers and provides such information to insurance companies.  It does so by sending mobile medical examiners to insurance applicants' homes or other designated places, all of whom have sufficient licensing (such as phlebotomists or nurses) to take blood and other samples as well as obtain basic medical information.  Claimants were all mobile medical examiners for ExamOne and, upon ending their relationship with ExamOne, each applied for unemployment insurance benefits. The Department of Labor determined that claimants were employees entitled to benefits and, following a hearing, an Administrative Law Judge sustained the initial determinations finding that claimants, as well as others similarly situated, were each employees and not, as urged by ExamOne, independent contractors. The Unemployment Insurance Appeal Board affirmed, and these appeals by ExamOne ensued.

"'Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion'" (Matter of McAlevey [Agewell Physical Therapy & Wellness, P.C.—Commissioner of Labor], 126 AD3d 1219, 1219-1220 [2015], quoting Matter of Concourse Ophthalmology Assocs. [Roberts], 60 NY2d 734, 736 [1983]; accord Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]).  "[W]here, as here, the work of medical professionals is involved, the pertinent inquiry is whether the purported employer retained overall control over the work performed" (Matter of Mackey [Prometric Inc.—Commissioner of Labor], 120 AD3d 1493, 1494 [2014]; see Matter of Salamanca Nursing Home [Roberts], 68 NY2d 901, 903 [1986]).

In Matter of Scinta (ExamOne World Wide Inc.—Commissioner of Labor) (113 AD3d 959 [2014]), we upheld the Board's decision that a mobile medical examiner (as here) was an employee of ExamOne.  ExamOne has not attempted to distinguish that case in this appeal.  We note that there are some minor factual differences between Scinta and these claimants and, moreover, the facts established as to each of these separate claimants are not totally uniform.  Nonetheless, the essential factual findings supporting the decision of an employment relationship in Scinta are present as to each of these claimants.  As in Scinta, the issue is close and there is proof in the record supporting a contrary conclusion as to claimants' employment status.  But, given the constraints of our review of a Board determination, we affirm (compare Matter of Mackey [Prometric Inc.—Commissioner of Labor], 120 AD3d at 1494-1495, and Matter of LaValley [West Firm, PLLC-Commissioner of Labor], 120 AD3d 1498, 1499 [2014], with Matter of Jhaveri [Stacy Blackman Consulting Inc.—Commissioner of Labor], 127 AD3d 1391, 1392 [2015], and Matter of Jean-Pierre [Queens Perioperative Med. Assoc. PLLC—Commissioner of Labor], 119 AD3d 1206, 1207-1208 [2014]). The remaining arguments, to the extent that they are properly before us, have been considered and

-4-                    519854
                      519855
                      519856

are unavailing.

Peters, P.J., Garry and Lynch, JJ., concur.


ORDERED that the decisions are affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court