*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 3, 2015                    519807
_____

In the Matter of STECHER
    AVIATION SERVICES, INC.,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

_____

        Gilbride, Tusa, Last & Spellane, LLC, Greenwich,
Connecticut (Thomas P. Spellane of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed December 23, 2013, which assessed Stecher Aviation
Services, Inc. for additional unemployment insurance
contributions.

        Stecher Aviation Services, Inc. is engaged in the business
of providing aircraft flight crew members to corporate clients.
Following an audit by the Department of Labor for the years 2005
through 2007, Stecher Aviation was assessed for unemployment
insurance contributions on behalf of the flight crews who
performed services for its clients.  Stecher Aviation objected to
this determination, asserting that its flight crews were
independent contractors rather than employees.  Following a
hearing, an Administrative Law Judge found that an employer-

employee relationship existed and, accordingly, upheld the initial assessment of unemployment insurance contributions.  The Unemployment Insurance Appeal Board affirmed that decision, and this appeal ensued.

We affirm.  "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the appeal board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of McAlevey [Agewell Physical Therapy & Wellness-Commissioner of Labor], 126 AD3d 1219, 1219-1220 [2015] [internal quotation marks and citations omitted]; see Matter of Ruano [Commissioner of Labor], 118 AD3d 1088, 1088 [2014], lv dismissed 24 NY3d 1039 [2014]).

Here, the record reflects that Stecher Aviation reviews and evaluates the resume of a prospective crew member and other required certifications in deciding whether to add the crew member to its database.  Once accepted, the crew member must sign a contract that requires him or her to take instructions directly from the client, prohibits substituting a third party to fulfill the assignment and requires the submission of an invoice by a specified time in order to be paid for services and reimbursed for expenses.  Although a crew member may reject an assignment and can work for competitors, Stecher Aviation reviews its database and selects the crew member whom it deems qualified to perform the services required by its client, and the work hours and location are determined by the needs of the client.  The crew member does not negotiate the rate of pay, as such rate is already set between Stecher Aviation and the client's flight department.  Stecher Aviation handles the billing for the services provided and, after deducting its commission, pays the crew member.  Additionally, Stecher Aviation finds replacements for a crew member who cancels an assignment and fields complaints about a crew member's performance; crew members also are covered under Stecher Aviation's workers' compensation insurance policy.  Finally, Stecher Aviation's sole business is providing crew members for its clients.  In view of the foregoing, the Board's finding of an employment relationship is supported by substantial

evidence and will not be disturbed (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d 1260, 1261 [2014]; Matter of Ruano [Commissioner of Labor], 118 AD3d at 1088-1089; Matter of Cobrin [Telecom Consulting Group NE Corp.-Commissioner of Labor], 91 AD3d 992, 993 [2012]; Matter of Hoyt [Project Solvers-Commissioner of Labor], 256 AD2d 859, 860 [1998]).

We are unpersuaded by Stecher Aviation's contention that it was not afforded a fair and complete hearing because the tax auditor who conducted the investigation and was notified of the hearing did not appear at the hearing given that he had recently retired. The record establishes that the tax auditor's supervisor, who worked closely with the tax auditor during the investigation and was familiar with the file, was available to testify and was subject to cross-examination.

Lahtinen, J.P., McCarthy and Garry, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court