*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    April 21, 2016                   521363
_____

In the Matter of the Claim of
    JANE A. RYAN,
                        Respondent.

LA CRUZ RADIATION CONSULTANTS,
    INC.,                                    MEMORANDUM AND ORDER
                        Appellant.

COMMISSIONER OF LABOR,
                        Respondent.
_____


Calendar Date:    March 24, 2016

Before:    McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

                        _____


        Jackson Lewis, PC, White Plains (Penny Ann Lieberman of
counsel), for appellant.

        Gordon V. Eddy, Albany, for Jane A. Ryan, respondent.

                        _____


Egan Jr., J.

        Appeal from two decisions of the Unemployment Insurance
Appeal Board, filed September 11, 2014, which ruled, among other
things, that La Cruz Radiation Consultants, Inc. was liable for
unemployment insurance contributions on remuneration paid to
claimant and others similarly situated.

        La Cruz Radiation Consultants, Inc. is in the business of
providing licensed radiation therapists (hereinafter RTs) to its
clients, which include hospitals, clinics and medical practices.
In 2008, La Cruz signed an agreement with claimant, an RT, and,
in January 2009, assigned her to work at its client's clinic in

Queens.  After claimant was told in March 2009 that her services no longer were needed at the clinic, she applied for unemployment insurance benefits.  The Department of Labor determined that claimant was an employee of La Cruz but, following a hearing on La Cruz's appeal, an Administrative Law Judge disagreed, finding that claimant was not an employee of La Cruz.  The Unemployment Insurance Appeal Board subsequently reversed, determining that claimant and other similarly situated RTs were employees of La Cruz, and upheld the initial assessment of unemployment insurance contributions for claimant and others similarly situated.  La Cruz now appeals.

We affirm.  "Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence" (Matter of John Lack Assoc., LLC [Commissioner of Labor], 112 AD3d 1042, 1043 [2013] [citations omitted]; see Matter of Salamanca Nursing Home [Roberts], 68 NY2d 901, 903 [1986]).  "Where, as here, medical professionals are involved, the pertinent inquiry is whether the purported employer exercised overall control over the work performed" (Matter of Goddard [Summit Health, Inc.— Commissioner of Labor], 118 AD3d 1200, 1201 [2014] [internal quotation marks and citations omitted], lv dismissed 24 NY3d 975 [2014]; see Matter of Salamanca Nursing Home [Roberts], 68 NY2d at 903; Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Lawlor [ExamOne World Wide Inc.— Commissioner of Labor], 130 AD3d 1345, 1346 [2015]; Matter of Lustgarten [New York Psychotherapy & Counseling Ctr.— Commissioner of Labor], 123 AD3d 1212, 1212 [2014]; Matter of Scinta [ExamOne World Wide Inc.—Commissioner of Labor], 113 AD3d 959, 960 [2013]).  Further, "an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship" (Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d 1260, 1260 [2014] [internal quotation marks and citations omitted]; accord Matter of Encore Music Lessons LLC. [Commissioner of Labor], 128 AD3d 1313, 1315 [2015]).

Here, evidence was presented that La Cruz screened the RTs' credentials and assigned them to its clients to provide radiation

therapy services, directing them where and when to report. La Cruz paid the RTs a set rate of $50 per hour, did not take payroll deductions from their salary and issued 1099 tax forms; La Cruz required that the RTs submit to it biweekly time sheets signed by the client's supervisor, and La Cruz, in turn, billed the clients an increased price for the RTs' services and collected all payments from the client. Once assigned, the client determined the RTs' schedule to meet their staffing needs and whether to continue to use their services or seek a different referral from La Cruz, and the client's chief radiology therapist or physician oversaw their work. Under the agreement that designated the RTs as independent contractors, claimant was required to call La Cruz and the client if she could not be at work at the scheduled time, questions regarding payment for services were directed to La Cruz and the RTs were prohibited from working directly for the assigned clients or La Cruz competitors. La Cruz would find replacements for the RTs if they could not work the schedule set by the client for any reason. Claimant testified that, on the day that the client informed her that her services no longer were needed, she was under consideration to be hired as an employee of the client and, because the client had not given advance notice of her discharge, La Cruz reimbursed her for expenses for her travel to the client. Notwithstanding proof in the record that might support a contrary conclusion, we find that the foregoing constitutes substantial evidence to support the Board's decisions that La Cruz, while not directly supervising claimant's daily RT activities for the client, retained sufficient overall control over the work performed by claimant and those similarly situated to establish an employer-employee relationship (see Matter of Goddard [Summit Health, Inc.—Commissioner of Labor], 118 AD3d at 1201-1202; Matter of Scinta [ExamOne World Wide Inc.—Commissioner of Labor], 113 AD3d at 960-961; see also Matter of Encore Music Lessons LLC. [Commissioner of Labor], 128 AD3d at 1315; Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d at 1261; compare Matter of Jean-Pierre [Queens Perioperative Med. Assoc. PLLC—Commissioner of Labor], 119 AD3d 1206, 1207-1208 [2014]).

To the extent that La Cruz relied upon an unappealed 2004 letter from an unemployment insurance reviewing examiner

indicating that its RTs were independent contractors, we note that this conclusion was reached solely upon information provided by the employer in that matter, in which this claimant was not involved.  The record now before us does not include the evidence considered in rendering that letter, which was not a determination by the Board.  Notably, La Cruz's owner testified that she had been using this RT contractual agreement only since 2006 and, thus, the terms of employment for the RTs prior to that date are not developed in this record.  Accordingly, the record does not support a finding that the Board failed to follow its own controlling precedent (see Matter of Bull [Yansick Lbr. Co.– Sweeney], 235 AD2d 722, 724 [1997], lv dismissed 90 NY2d 913 [1997]).  We have examined La Cruz's remaining contentions and concluded that they do not warrant disturbing the Board's decisions.

McCarthy, J.P., Rose, Devine and Clark, JJ., concur.


ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court