*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 28, 2016                521465
_____

In the Matter of the Claim of
    JOYCE KLIMAN,
                    Respondent.

GENESEE REGION HOME CARE                 MEMORANDUM AND ORDER
    ASSOCIATION, INC., Doing
    Business as LIFETIME CARE,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  May 24, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Clark and Mulvey, JJ.

_____

        Bond, Schoeneck & King, PLLC, Syracuse (Daniel J. Pautz of
counsel), for appellant.

        Gordon W. Eddy, Albany, for Joyce Kliman, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Commissioner of Labor,
respondent.

_____

Clark, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed September 24, 2014, which ruled, among other
things, that Genesee Region Home Care Association, Inc. is liable
for unemployment insurance contributions on remuneration paid to
claimant and others similarly situated.

CompassionNet, an affiliate of Genesee Region Home Care Association, Inc. (hereinafter Genesee), is a non-revenue-producing program that provides pediatric palliative home care to support families dealing with sick and terminally-ill children. To provide this care, CompassionNet retains the services of nurse practitioners and oncologists, as well as individuals — such as claimant, a licensed creative arts therapist — who specialize in different forms of therapy, including art, music and massage therapies. After her employment with another employer came to an end in January 2009, claimant applied for unemployment insurance benefits. The Department of Labor issued an initial determination finding that claimant was an employee of Genesee and that Genesee was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. Ultimately, the Unemployment Insurance Appeal Board sustained the determination of the Department of Labor, prompting this appeal.

We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the [Board], if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; accord Matter of Stecher Aviation Servs., Inc. [Commissioner of Labor], 131 AD3d 1289, 1290 [2015]; Matter of McAlevey [Agewell Physical Therapy & Wellness, P.C.—Commissioner of Labor], 126 AD3d 1219, 1219-1220 [2015]). Where the provision of "professional services" is involved, the relevant inquiry becomes whether the purported employer retains overall control of "important aspects of the services performed" (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d at 736; see Matter of Eray Inc. [Commissioner of Labor], 136 AD3d 1129, 1130 [2016]). "Further, 'an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship'" (Matter of Ryan [La Cruz Radiation Consultants, Inc.—Commissioner of Labor], 138 AD3d 1324, 1325 [2016], quoting Matter of Ivy League Tutoring Connection, Inc. [Commissioner of

Labor], 119 AD3d 1260, 1260 [2014]; accord Matter of Encore Music Lessons LLC [Commissioner of Labor], 128 AD3d 1313, 1315 [2015]).

Here, the record evidence demonstrates, that while claimant was not required to undergo any training, she submitted a résumé and went through an interview process that was several hours in duration.  Upon being selected for placement on a panel of therapists, claimant signed an agreement identifying her as an independent contractor; however, that agreement required claimant to adhere to policies established by CompassionNet and prohibited her from employing or subcontracting another therapist in her place without the prior written consent of CompassionNet.  A schedule attached to the agreement unilaterally established the fees that clients would be charged for claimant's services and the amounts that she would be reimbursed for her travel expenses, including parking and tolls.  Although claimant could decline a particular assignment, the agreement provided that, upon being assigned, a case manager would establish the visit frequency and the duration and time of day that claimant would provide her services, and required claimant to submit documentation to CompassionNet within 72 hours of providing services and invoices in a predetermined format at least monthly.  To that end, claimant was paid for her services regardless of whether CompassionNet received payment from, or on behalf of, the client. While CompassionNet required claimant to maintain her own professional liability insurance, claimant explained that she was never self-employed as a creative arts therapist and that she did not provide her services for any other entity during the time period in question.  Under these circumstances, and notwithstanding proof in the record that might support a contrary conclusion, we find that the foregoing constitutes substantial evidence to support the Board's decisions that Genesee, while not directly supervising the therapeutic services that claimant provided to clients, retained sufficient overall control over the work performed by claimant and those similarly situated to establish an employer-employee relationship (see Matter of Ryan [La Cruz Radiation Consultants, Inc.—Commissioner of Labor], 138 AD3d at 1325; Matter of Goddard [Summit Health, Inc.—Commissioner of Labor], 118 AD3d 1200, 1201 [2014], lv dismissed 24 NY3d 975 [2014]; Matter of Ortega [Neiman-Sweeney], 217 AD2d 725, 725 [1995]; Matter of Kimberg [Hudacs], 188 AD2d 781, 781 [1992]).

Lahtinen, J.P., McCarthy, Garry and Mulvey, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court