McCarthy, J.P.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 30, 2015, which, among other things, assessed Tauscher Cronacher PE PC for additional unemployment insurance contributions.
Tauscher Cronacher PE PC is a professional engineering firm that conducts building and home inspections for its clients. To perform these inspections, Tauscher retains, among others, registered architects and professional engineers (hereinafter collectively referred to as inspectors) with experience in commercial and residential building inspections. Following an audit, the Department of Labor issued notices of determination assessing additional unemployment insurance contributions based upon remuneration paid, as relevant here, to its inspectors. *1492 * Following a hearing, an Administrative Law Judge determined that the inspectors were independent contractors and not employees for unemployment insurance purposes and modified the determination of the Department assessing additional unemployment insurance contributions based upon remuneration paid to the inspectors. Upon administrative review, the Unemployment Insurance Appeal Board reversed the decision of the Administrative Law Judge and sustained the Department’s initial determination, finding the inspectors to be employees and assessing Tauscher additional unemployment insurance contributions for remuneration paid to the inspectors. Tauscher now appeals.
We affirm. “Whether an employer-employee relationship exists is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence” (Matter of Singhal [Brody—Commissioner of Labor], 128 AD3d 1308, 1308 [2015] [internal quotation marks and citations omitted]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). “Where the provision of ‘professional services’ is involved, the relevant inquiry becomes whether the purported employer retains overall control of ‘important aspects of the services performed’ ” (Matter of Kliman [Genesee Region Home Care Assn., Inc.— Commissioner of Labor], 141 AD3d 1049, 1049-1050 [2016], quoting Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; see Matter of Eray Inc. [Commissioner of Labor], 136 AD3d 1129, 1130 [2016]).
Here, although the inspectors signed a standard agreement identifying them as independent contractors, the agreement contained a noncompete clause prohibiting the inspectors from working directly or indirectly with competing engineering firms within Tauscher’s geographic region, including 100 miles from the Empire State Building in New York City. The agreement further provided that the inspectors perform their inspections in accordance with industry and professional standards and that their post-inspection reports be drafted on forms provided by Tauscher and submitted to Tauscher within a limited time frame. The inspectors were also required to participate in Tauscher’s self-insurance fund, as well as pay for professional liability insurance obtained by Tauscher, and to share in the costs of any litigation arising out of the inspections. Tauscher scheduled the time of the inspections, which were not subject *1493 to modification by the inspectors, and would seek a replacement inspector if the original inspector was unavailable. Tauscher also provided the inspectors with business cards bearing Tauscher’s name to provide to its clients.
With regard to compensation, Tauscher established the fees that clients were required to pay for the inspections and also unilaterally set the percentage of the fees that constituted payment for the inspectors. In order for the inspectors to receive payment, they were required to submit invoices to Tauscher, which in turn would pay the inspectors directly. In addition, Tauscher managed the billing of, and collection from, clients. Notwithstanding the proof in the record that could support a contrary result, the foregoing evidence demonstrates that Tauscher retained overall control over important aspects of the services performed by the inspectors, and we therefore find that substantial evidence supports the determination of the Board assessing Tauscher additional unemployment insurance contributions for remuneration paid to the inspectors (see Matter of Jaeger [Vendor Control Serv., Inc.—Commissioner of Labor], 106 AD3d 1360, 1360-1361 [2013]; Matter of Wells [Madison Consulting, Inc.—Commissioner of Labor], 77 AD3d 993, 995 [2010]; Matter of Perdue [Environmental Compliance, Inc.—Commissioner of Labor], 47 AD3d 1139, 1140-1141 [2008]). Contrary to Tauscher’s contention that the Board’s resolution of this case was unreasonably delayed, we do not find any reason on the record before us, including prejudice shown, to disturb the determination of the Board (see Matter of Koenig [Commissioner of Labor], 45 AD3d 1147, 1148 [2007]; Matter of Reifer [D’Angelo—Commissioner of Labor], 253 AD2d 949, 949 [1998]).
Egan Jr., Lynch, Devine and Clark, JJ., concur.
Ordered that the decision is affirmed, without costs.

 The Department of Labor’s investigation of Tauscher was prompted by the filing of an unemployment insurance claim by one of Tauscher’s bookkeepers in 2006.