Matter of Dillon (Commissioner of Labor) (2018 NY Slip Op 05386)





Matter of Dillon (Commissioner of Labor)


2018 NY Slip Op 05386


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]In the Matter of the Claim of LANA DILLON, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: June 1, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Mischel & Horn, PC, New York City (Scott T. Horn of counsel), for appellant.
Teresa C. Mulliken, Harpersfield, for Lana Dillon, respondent.
Barbara D. Underwood, Attorney General, New York City (Dawn A. Foshee of counsel), for Commissioner of Labor, respondent.



MEMORANDUM AND ORDER HUMAN CARE LLC,
Clark, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed July 19, 2016, which ruled, among other things, that Human Care LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant, a registered nurse, was engaged as a field nurse supervisor by Human Care LLC, an agency that provides home health care services to its clients. The Unemployment Insurance Appeal Board determined, among other things, that claimant was an employee of Human Care and that Human Care was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Human Care appeals.
We affirm. "Whether an employee-employer relationship exists is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record" (Matter of Jennings [American Delivery Solution, Inc.-Commissioner of Labor], 125 AD3d 1152, 1152 [2015] [internal quotation marks and citations omitted]; accord Matter of Link [Cantor & Pecorella, Inc.-Commissioner of Labor], 153 AD3d 1061, 1062 [2017], appeal dismissed 31 NY3d 946 [2018]). "[W]here, as here, the work of medical professionals is involved, the pertinent inquiry is whether the purported employer retained overall control over the work performed" (Matter of Mackey [Prometric Inc.-Commissioner of Labor], 120 AD3d 1493, 1494 [2014]; accord Matter of Lawlor [ExamOne World Wide Inc.-Commissioner of Labor], 130 AD3d 1345, 1346 [2015]). Moreover, "an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship" (Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d 1260, 1260 [2014] [*2][internal quotation marks and citations omitted]; accord Matter of Ryan [La Cruz Radiation Consultants, Inc.-Commissioner of Labor], 138 AD3d 1324, 1325 [2016]).
Human Care maintains a list of registered nurses, designated as field nurse supervisors, who provide home health care services to its patients on an on-call basis. Human Care hired claimant as a field nurse supervisor following an interview and screening of her experience and license credentials. Upon hiring claimant, Human Care required claimant to sign a job summary detailing the various duties and responsibilities of a field nurse supervisor, which included completing clinical and progress notes, informing Human Care's Director of Patient Services of any changes in a patient's condition and needs and submitting all required paperwork to the Director within 48 hours of a visit. The job summary further stated that field nurse supervisors reported to the Director and were required to follow Human Care policies and procedures. Claimant was provided with Human Care's handbook of policies and procedures. With respect to individual assignments, the Director would contact claimant when a client needed services and advise what services were to be provided. Claimant was free to accept or decline any assignment and, if she was unable to complete an assignment that she had accepted, Human Care would find a replacement. Claimant was required to complete and submit a written "base assessment" of the client to the Director for review. Additionally, Human Care set the fee paid to claimant for her services, which was not negotiable, and billed its clients or the clients' insurance companies for claimant's services. Considering the foregoing, it is our view that substantial evidence supports the Board's decision that Human Care retained sufficient overall control over the work performed by claimant to establish an employer-employee relationship, notwithstanding evidence in the record that could support a contrary result (see Matter of Scinta [ExamOne World Wide Inc.-Commissioner of Labor], 113 AD3d 959, 961 [2014]; Matter of Skeete [Cooper Sq. Nurses Registry-Commissioner of Labor], 253 AD2d 926, 926 [1998], lv denied 93 NY2d 802 [1999]).
McCarthy, J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.