■ In the Matter of ANDREW J. SPINNELL, Appellant. COMMISSIONER OF LABOR, Respondent. [751 NYS2d 643] —Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 9, 2001, which assessed Andrew J. Spinnell for unemployment insurance contributions.

During the period of time at issue in this matter, Andrew J. Spinnell conducted a private law practice in the City of New York. Although he acknowledges that he hired several individuals to perform services on behalf of his practice, Spinnell denies that they were his employees. Instead, he asserts that the staff of attorneys, paralegals, secretaries, legal researchers, bookkeepers and messengers who worked for his office were all independent contractors, thereby absolving him from liability for making unemployment insurance contributions on their behalf. The Unemployment Insurance Appeal Board disagreed, ruling that these individuals were Spinnell's employees and assessing him with the sum of $8,945.94 in unpaid unemployment insurance contributions.

The question of whether an employer-employee relationship exists presents an issue of fact for resolution by the Board; its decision will not be disturbed upon judicial review as long as it is supported by substantial evidence (*see Matter of Whitford [Silberling—Commissioner of Labor]*, 257 AD2d 946, *lv dismissed* 93 NY2d 921; *Matter of Seneca Nation of Indians [Sweeney]*, 247 AD2d 732, 733). In our view, substantial evidence supports the Board's conclusion that Spinnell exercised sufficient direction and control over the services performed by most of these individuals to establish an employment relationship (*see Matter of Eichenbaum [Jacobs—Sweeney]*, 242 AD2d 764, 765, *lv denied* 91 NY2d 809).

As to the attorneys hired by Spinnell, the record discloses that he exercised sufficient "over-all control" of their work to establish his status as their employer (*Matter of Salamanca Nursing Home [Roberts]*, 68 NY2d 901, 903; *see Matter of Ianniello [Sweeney]*, 238 AD2d 661). He assigned cases to each lawyer and gave directions as to when and where to appear, the services that were to be rendered, the strategy that was to be pursued and, if a settlement offer was made, the acceptable amount thereof. As evidence of his continued control over these cases, Spinnell continued to be listed as the attorney of record. Spinnell paid the attorneys at previously agreed upon rates for the work they performed and reimbursed their expenses regardless of whether he received remuneration from his clients. We conclude, under the circumstances presented here, that substantial evidence supports the existence of an employer-employee relationship (*see Matter of Barone [Commissioner of Labor]*, 257 AD2d 950, 951).

With the exception of the bookkeeper, Spinnell exercised similar direction and control over the work performed by the remaining individuals who worked in his office, giving them specific work assignments, together with directions as to how the work was to be completed. They were paid by the hour and their expenses were reimbursed by him. For the most part, the work of these individuals was performed on Spinnell's premises using his office equipment and supplies (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736-737). We conclude that substantial evidence supports the Board's decision ruling that an employment relationship was established with respect to these individuals and assessing Spinnell with additional contributions to the unemployment insurance fund.

However, we reach a different conclusion with respect to the bookkeeper and find that substantial evidence fails to support a finding that he was an employee for the purposes of unemployment insurance benefits. Specifically, the record indicates that the bookkeeper fixed his own hourly rates, "came in once a month or once every other month," and was employed elsewhere as a professional legal secretary but, due to his long-standing relationship with Spinnell, provided certain bookkeeping services for him. Notably, the bookkeeper billed Spinnell on letterhead invoices indicating that he operated his own business (*compare Matter of Barone [Commissioner of Labor]*, *supra* at 951).

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as assessed Andrew J. Spinnell for unem-

ployment insurance contributions on behalf of the individual retained as a bookkeeper and, as so modified, affirmed.