## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  September 18, 2014                518233
_____

In the Matter of the Claim of
    JOSEPH LAVALLEY,
                    Respondent.

THE WEST FIRM, PLLC,                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Lahtinen, Garry, Devine and Clark, JJ.

_____

        The West Firm, PLLC, Albany (Thomas S. West of counsel),
for appellant.

        Cynthia Feathers, Glens Falls, for Joseph LaValley,
respondent.

_____

        Appeal from a decision of Unemployment Insurance Appeal
Board, filed April 16, 2013, which ruled that The West Firm, PLLC
is liable for unemployment insurance contributions on
remuneration paid to claimant and others similarly situated.

        The West Law Firm, PLLC hired claimant as a "contract
attorney" to prepare a legal memorandum on a time-sensitive
matter.  Upon reviewing claimant's written memorandum analyzing
the legal responsibilities of a client with respect to certain
property, West declined to pay claimant for all of the hours that
he worked on the project, gave claimant an opportunity to revise
his memorandum and, upon completion of the project, declined to
continue working with him.  The Unemployment Insurance Appeal

Board determined that claimant was West's employee and that it was liable for additional unemployment insurance contributions based on the remuneration paid to him and others similarly situated.  West now appeals.

"[I]t is well settled that the existence of an employer-employee relationship is a factual issue for the Board to decide and its determination will not be disturbed if supported by substantial evidence" (Matter of Parisi [Commissioner of Labor], 54 AD3d 456, 456 [2008]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]).  Inasmuch as the work at issue here involved professional services that generally do not lend themselves to close supervision or control of the details of the work, the pertinent inquiry is whether the employer has retained "overall control," and "substantial evidence of control over important aspects of the services performed other than results or means is sufficient to establish an employer-employee relationship" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437 [internal quotation marks and citation omitted]).  In that regard, West hired claimant after an interview and based upon his analytical expertise acquired during a federal clerkship.  West set his rate of pay at $100 an hour or on a per project basis, and provided him with a parking pass, office, desk, computer, receptionist, a firm email address and information technology support.  Two attorneys supervised him, gave him instructions on how to perform his tasks, told him to ask permission before pursuing new legal issues, reviewed his work and made revisions.  He was also covered under West's malpractice insurance.  In our view, the foregoing constitutes substantial evidence to support the Board's decision that claimant was an employee of West, even if evidence exists to support a contrary conclusion (see Matter of Parisi [Commissioner of Labor], 54 AD3d at 456; Matter of Spinnell [Commissioner of Labor], 300 AD2d 770, 771 [2002]; see also Matter of Goddard [Summit Health, Inc.—Commissioner of Labor], 118 AD3d 1200, 1201-1202 [2014]).  West's remaining arguments have been considered and, to the extent they are preserved, have been found to be lacking in merit.

Peters, P.J., Lahtinen, Garry, Devine and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court