*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016                521357
_____

In the Matter of JOEL S.
    CHARLESTON, Doing Business
    as THE LAW OFFICE OF
    JOEL S. CHARLESTON,
                        Appellant.          MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:  March 21, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        The Law Office of Joel S. Charleston, North Woodmere (Joel
S. Charleston of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Linda D. Joseph of counsel), for respondent.

_____

Garry, J.P.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed September 22, 2014, which assessed Joel S.
Charleston for additional unemployment insurance contributions.

        Joel S. Charleston operates a small, general law practice
out of a fully-equipped office located in the basement of his
house and, in 2012, he hired another attorney to perform part-
time legal work on behalf of that practice.  The Department of
Labor found that the attorney was Charleston's employee and
assessed Charleston for additional unemployment insurance
contributions.  Charleston objected and, following a hearing, an
Administrative Law Judge upheld the Department's determination.

The Unemployment Insurance Appeal Board subsequently affirmed, prompting this appeal.

The existence of an employer-employee relationship is a factual issue to be resolved by the Board and its determination will be upheld so long as it is supported by substantial evidence (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]; Matter of Singhal [Brody—Commissioner of Labor], 128 AD3d 1308, 1308 [2015]; Matter of Parisi [Commissioner of Labor], 54 AD3d 456, 457 [2008]). Where, as here, the provision of professional services is involved, an employment relationship may be found to exist if there is "'substantial evidence of control over important aspects of the services performed other than results or means'" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010], quoting Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d at 736; see Matter of LaValley [West Firm, PLLC—Commissioner of Labor], 120 AD3d 1498, 1499 [2014]).

Here, the record reflects that Charleston assigned specific legal work to the attorney, advised him of the general deadline associated with each assignment and paid him a set hourly rate for his services, which he received once the relevant clients paid their bills. While the attorney was free to accept or reject assignments, work from home and dictate his own schedule, the nature and frequency of the assignments were controlled by Charleston, and Charleston retained ultimate responsibility to the clients for the quality of the work performed. In addition, Charleston negotiated all retainer agreements, co-billed for his and the attorney's services, reimbursed the attorney for parking expenses, regardless of whether the clients paid that portion of their bills, and, at all times, remained the attorney of record. Furthermore, Charleston and the attorney did not have a written contract and the attorney was permitted to, and often did, use Charleston's office and equipment to carry out his assignments. Thus, despite evidence in the record that could support a contrary result, the Board's finding of an employment relationship is supported by substantial evidence (see Matter of Friman [Bolan Jahnsen Salter & Sachs—Commissioner of Labor], 73 AD3d 1307, 1307-1308 [2010]; Matter of Spinnell [Commissioner of Labor], 300 AD2d 770, 771 [2002]).

-3- 521357

Egan Jr., Lynch, Devine and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court