Matter of Philip (Brody--Commissioner of Labor) (2018 NY Slip Op 05648)





Matter of Philip (Brody--Commissioner of Labor)


2018 NY Slip Op 05648


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018


[*1]In the Matter of MARIA K. PHILIP, Respondent. JULES BRODY, Doing Business as STULL STULL & BRODY, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: June 1, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Graubard Miller, New York City (C. Daniel Chill of counsel), for appellant.
Catherine A. Barber, Guilderland, for Maria K. Philip, respondent.
Barbara D. Underwood, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.



MEMORANDUM AND ORDER 
Devine, J.
Appeal from three decisions of the Unemployment Insurance Appeal Board, filed January 20, 2017, which ruled, among other things, that Jules Brody was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant, an attorney, performed document review services for Jules Brody, a partner of Stull Stull & Brody, a law firm. Claimant left that position due to the impending birth of a child and applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board eventually ruled that claimant was Brody's employee and was entitled to unemployment insurance benefits, and that Brody was responsible for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. We reversed and remitted for further proceedings, finding that Brody had been denied the right to call claimant as a witness at the hearing (120 AD3d 1470, 1471 [2014]). Upon remittal, a hearing was held at [*2]which claimant testified. The Administrative Law Judge sustained the initial determination that claimant was an employee of Brody and held that Brody is liable for additional contributions based upon remuneration paid to claimant and others similarly situated. The Board affirmed, and Brody appeals.
We affirm. "The existence of an employer-employee relationship is a factual issue to be resolved by the Board and its determination will be upheld so long as it is supported by substantial evidence" (Matter of Charleston [Commissioner of Labor], 138 AD3d 1366, 1366 [2016], lv dismissed 28 NY3d 942 [2016]). Where, as here, claimant rendered professional services, "an employment relationship may be found to exist if there is 'substantial evidence of control over important aspects of the services performed other than results or means'" (id. at 1367, quoting Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; see Matter of Singhal [Brody—Commissioner of Labor], 128 AD3d 1308, 1308-1309 [2015]).
The record reflects that Brody paid claimant an hourly set wage, required her to work at least 10 hours per day, Monday through Friday, and required her to obtain approval to take time off. Claimant was required to undergo training on how to do the work, was provided with a computer and workspace, and was assigned documents to review. She was, moreover, required to document her hours and meet with her supervisor to review her submitted hours and receive updates on the case. Claimant did not have an independent legal practice or business (compare Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 435).
The foregoing constitutes substantial evidence supporting the Board's determination that Brody retained sufficient overall control of claimant's services to establish an employer-employee relationship, notwithstanding evidence in the record that might support a contrary conclusion (see Matter of Singhal [Brody- Commissioner of Labor], 128 AD3d at 1309; see also Matter of Charleston [Commissioner of Labor], 138 AD3d at 1367; Matter of Parisi [Commissioner of Labor], 54 AD3d 456, 457 [2008]; Matter of Singh [Thomas A. Sirianni, Inc.-Commissioner of Labor], 43 AD3d 498, 499 [2007]; Matter of Spinnell [Commissioner of Labor], 300 AD2d 770, 771 [2002]). A different result is not compelled by the facts that claimant signed a written agreement labelling her as an independent contractor and believed that she performed in that capacity (see Matter of Singhal [Brody—Commissioner of Labor], 128 AD3d at 1309). Brody's remaining claims have been considered and found to be without merit.
McCarthy, J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.