Matter of New York State Sheriffs' Assn., Inc. (Commissioner of Labor) (2018 NY Slip Op 05644)





Matter of New York State Sheriffs' Assn., Inc. (Commissioner of Labor)


2018 NY Slip Op 05644


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

524907

[*1]In the Matter of NEW YORK STATE SHERIFFS' ASSOCIATION, INC., Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: May 29, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


Alex Wilson, New York State Sheriffs' Association, Inc., Albany, for appellant.
Barbara D. Underwood, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 28, 2016, which assessed New York State Sheriffs' Association, Inc. for additional unemployment insurance contributions.
New York State Sheriffs' Association, Inc. (hereinafter the Association) is a nonprofit trade organization that represents, provides training and offers legal resources for elected sheriffs in New York, and also advocates on their behalf. Following an audit for the years 2010 and 2011, the Department of Labor issued an initial determination that assessed the Association for additional unemployment insurance contributions on behalf of Patricia Hughes, who provided marketing and communication services, and Jon Greenwalt, who provided bookkeeping services. That determination — which was affirmed by an Administrative Law Judge following a hearing — was ultimately sustained by the Unemployment Insurance Appeal Board. This appeal ensued.
We affirm. "Whether an employer-employee relationship exists is a question of fact, to be decided on the basis of evidence from which it can be found that the alleged employer exercises control over the results produced . . . or the means used to achieve the results" (Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 521 [1985] [internal quotation marks and citation omitted]; see Matter of Crystal [Medical Delivery Servs.-Commissioner of Labor], 150 AD3d 1595, 1596 [2017]). "Whether an employment relationship exists within the [*2]meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the . . . [B]oard, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983] [citations omitted]; see Matter of Tauscher Cronacher PE PC [Commissioner of Labor], 148 AD3d 1491, 1492 [2017], lv denied 29 NY3d 917 [2017]).
Here, both Hughes and Greenwalt were represented on the Association's website as staff members, and had email addresses and contact telephone numbers at the Association. They both were provided with office space, equipment and supplies, parking spots and the access code to enter the Association's offices.
With regard to Hughes, she submitted a resume and was hired by the executive director of the Association, without a contract, to write the Association's weekly newsletter, maintain its website and social media information, and enlist vendors for the Association's biannual conference. The Association provided business cards to Hughes with its logo, identifying her as the Association's marketing and communications manager. Hughes negotiated her rate of pay, as well as paid vacation, and was paid in her personal capacity. The Association paid for a computer service program that Hughes used to create an electronic, weekly Association newsletter — which belongs to the Association and displays its logo — and, other than Hughes being identified as the email sender, the newsletter did not indicate that it was authored or created by Hughes. Hughes met with the Association's executive director regarding the newsletter, who, at times, reviewed the newsletter for accuracy and suggested changes that were then made by Hughes. Further, after obtaining approval from the Association, Hughes created a corporate partner program with vendors and managed their site locations at the Association's conferences. While at the conferences, the Association paid for her hotel and provided food.
Greenwalt, who has been the Association's bookkeeper for over 10 years, was hired after submitting a resume in response to an advertisement by the Association. As bookkeeper, Greenwalt bills customers, pays bills, balances accounts, writes checks and processes the time records for the payroll. Although the nature of the professional services provided by Greenwalt resulted in minimal supervision by the Association, Greenwalt uses software owned by the Association to write checks, checks can only be printed at the Association's office and require approval by the Association's board, and Greenwalt follows the Association's internal controls and accounting policies. Further, Greenwalt testified that he meets with Association staff members biweekly and submits reports regarding the Association's cash flow, money and check procedures. Greenwalt currently only works from the Association's office given the lack of remote access to the Association's server. Although Greenwalt had a bookkeeping business, he is no longer actively pursuing clients, no longer submits a business invoice to the Association for his services and is paid by the hour, biweekly through direct deposit to his personal account.
We find that the foregoing provides substantial evidence demonstrating that the Association retained overall control over important aspects of the services performed by Hughes and Greenwalt such that they are employees, and the Department properly assessed the Association for additional unemployment insurance contributions (see Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d at 736-737; Matter of Tauscher Cronacher PE PC [Commissioner of Labor], 148 AD3d at 1493). We have reviewed the Association's remaining contentions, including that the Board erred in finding the circumstances herein factually [*3]distinguishable from Matter of Spinnell (Commissioner of Labor) (300 AD2d 770 [2002]), and find them to be unpersuasive.
Garry, P.J., Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.