Matter of Levick (Rosen Publ. Group Inc.--Commissioner of Labor) (2021 NY Slip Op 06890)





Matter of Levick (Rosen Publ. Group Inc.--Commissioner of Labor)


2021 NY Slip Op 06890


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

529966
[*1]In the Matter of the Claim of Martin A. Levick, Respondent. The Rosen Publishing Group Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 22, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Mintz & Gold LLP, New York City (Timothy J. Quill Jr. of counsel), for appellant.
Bruce Evans Knoll, Albany, for Martin A. Levick, respondent.
Letitia James, Attorney General, New York City (Dawn A. Foshee of counsel), for Commissioner of Labor, respondent.



Colangelo, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed March 5, 2019, which ruled, among other things, that The Rosen Publishing Group Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
The Rosen Publishing Group Inc. is a children's educational publisher of nonfiction books containing photographs that illustrate the textual content. Claimant, a photograph researcher, was employed for 15 years in Rosen Publishing's photograph research department until he was laid off on May 9, 2014 following a reorganization within the company.[FN1] Following his termination, claimant continued to work on photograph research projects for Rosen Publishing. When claimant filed a claim for unemployment insurance benefits, his work with Rosen Publishing was examined.
Rosen Publishing objected to the initial determinations by the Department of Labor finding that claimant was an employee and not an independent contractor following his termination on May 9, 2014, and that additional unemployment insurance contributions were owed by the company. Following a combined hearing, an Administrative Law Judge ruled that an employer-employee relationship existed and that Rosen Publishing was liable for contributions based upon remuneration paid to claimant and other similarly situated photograph researchers. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed those decisions. Rosen Publishing appeals.
We reverse. Generally, "an employer-employee relationship turns on whether 'the employer exercises control over the results produced or the means used to achieve the results,' with the latter being more important" (Matter of Courto [SCA Enters. Inc.-Commissioner of Labor], 159 AD3d 1240, 1241 [2018], quoting Matter of Empire State Towing & Recovery Assn. Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). "Incidental control over the results produced — without further evidence of control over the means employed to achieve the results — will not constitute substantial evidence of an employer-employee relationship" (Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004] [citation omitted]; see Matter of Courto [SCA Enters. Inc.-Commissioner of Labor], 159 AD3d at 1241; Matter of Richins [Quick Change Artistry, LLC-Commissioner of Labor], 107 AD3d 1342, 1344 [2013]). In some situations where professional services are involved that do not lend themselves to control over the results and means, an employment relationship turns on the "'overall control'" over important aspects of the services performed (Matter of Empire Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437, quoting Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983]). In any case, "the Board's decision must be based upon substantial evidence consisting of 'proof within the whole record of such quality and quantity as to generate [*2]conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably — probatively and logically'" (Matter of Courto [SCA Enters. Inc.-Commissioner of Labor], 159 AD3d at 1241, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]).
Upon our review of the record, we conclude that, under either test, the Board's finding of an employer-employee relationship is not supported by substantial evidence. After May 9, 2014, when a photograph research project became available, Rosen Publishing would email claimant the project's title, the number of specs [FN2] needed and the deadline for the project, which project he could accept or reject. If claimant accepted the project, an additional email with further information regarding the book's manuscript and further detail about the project was provided. Other than the deadline for the project, claimant was not required to work any specific hours, was not required to report to Rosen Publishing at any time during the course of the project, received no fringe benefits and could have others perform the research. Claimant was not prohibited from working for competitors, there was no written contract and he was not reimbursed for any expenses, nor was he provided with any equipment to perform his research.
Upon completing the research, claimant was initially provided with a username and password to upload the final specs to Rosen Publishing's server. Rosen Publishing subsequently discontinued such access to its server and claimant thereafter could upload the specs to any file-sharing site — as long as it did not require a membership fee — from which Rosen Publishing could download the images. Rosen Publishing selected from the specs the photographs to be used in the publication. In order to be paid, claimant submitted an invoice to Rosen Publishing and was paid based upon the number of specs provided for the project — the rate for which, although set by Rosen Publishing, was based upon the established market rate for such services (see Matter of Richins [Quick Change Artistry, LLC-Commissioner of Labor], 107 AD3d at 1344). Claimant was paid if or when the specs provided were used in the publication and, if none were chosen, Rosen Publishing gave claimant a chance to submit additional specs, although claimant could decline to do so.
The record reflects that although claimant previously provided similar services as an employee of Rosen Publishing prior to May 9, 2014, when employed Rosen Publishing assigned claimant work that he could not refuse, provided the equipment needed to perform his research, reviewed his work, required that he work set hours, provided fringe benefits and required approval for any requested time off. Furthermore, claimant conducted meetings and worked collaboratively with others involved in the project in selecting the photographs to be used in the publication, was required [*3]to obtain the licensing permission to use the photographs, was given credit in the publications for the photographs, was supervised, evaluated and required to make corrections to his work and was prohibited from working for competitors. Following May 9, 2014, the fact that Rosen Publishing required that the completed project be submitted under the title of the project and in a PDF format and that such photographs were a necessary component of the product produced by Rosen Publishing does not, under these circumstances, demonstrate the requisite control needed nor is it dispositive of the existence of an employer-employee relationship (see Matter of Baker [P.I.M.M.S. Corp.-Hudacs], 209 AD2d 751, 755 [1994]; Matter of Fusaro Reps [Roberts], 125 AD2d 870, 871 [1986]). Notwithstanding that the Board's recitation of certain factors reflects incidental control over some aspects of the services provided by claimant, we find that "the record as a whole lacks substantial evidence of the requisite level of control over claimant's work so as to establish the existence of an employer-employee relationship" (Matter of Richins [Quick Change Artistry, LLC-Commissioner of Labor], 107 AD3d as 1344; see Matter of Courto [SCA Enters. Inc.-Commissioner of Labor], 159 AD3d at 1241-1242; Matter of Desravines [Logic Corp.-Commissioner of Labor], 146 AD3d 1205, 1206-1207 [2017]; Matter of Leazard [TestQuest, Inc.-Commissioner of Labor], 74 AD3d 1414, 1415-1416 [2010]).
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: There is no dispute that claimant was an employee of Rosen Publishing prior to May 9, 2014.

Footnote 2: The photograph researcher provides two to three photographs per spec along with the information regarding who Rosen Publishing should contact to obtain licensing for use of any photograph.